IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

In the Matter of the Petition of

TERICA CHRISTINE HOLMES,
   Petitioner,
   by and through her Next Friend
   Bobbi Jo Helgeson,

v.                   Case No. _____

SHERIFF COREY LEE,
   Respondent.


**FEDERAL PETITION FOR WRIT OF HABEAS CORPUS**

**28 U.S.C. § 2254**
*(FEDERAL CONSTITUTIONAL QUESTIONS • VOID JUDGMENT • SUSPENSION OF HABEAS)*

## I. NATURE OF THE ACTION — FEDERAL CONSTITUTIONAL ENFORCEMENT

¶1 This Petition invokes this Court's original, non-delegable duty to enforce the Constitution of the United States where a person is restrained without lawful authority. It does not seek appellate review, reconsideration, or discretionary relief.

¶2 Petitioner is confined under color of state authority without personal jurisdiction, following a total denial of the Sixth Amendment right to counsel, and after state actors blocked access to the writ of habeas corpus itself by refusing to docket her petitions. No state court opened a case. No judicial officer exercised review. The State terminated habeas at the point of filing.

¶3 The Constitution does not permit a State to insulate unlawful custody from judicial review by preventing the writ from being filed. When habeas corpus is obstructed in fact, the Suspension Clause is violated, and the federal court becomes the first and only court of review.

¶4 Because the State prevented habeas corpus from being docketed at any level, this Court is not reviewing a state decision, but enforcing the minimum constitutional requirement that unlawful custody be subject to judicial review.

¶5 Where a State blocks the Great Writ, federal intervention is not discretionary — it is constitutionally compelled.

## II. JURISDICTION AND FEDERAL QUESTION

¶6 This Court has jurisdiction under 28 U.S.C. § 2254(a) because Petitioner is in custody in violation of the Constitution of the United States. The restraint challenged here is not merely erroneous or irregular; it is constitutionally unauthorized.

¶7 Exhaustion of state remedies is excused as a matter of law under 28 U.S.C. § 2254(b)(1)(B) because no state corrective process existed, and state actors rendered any purported process ineffective by refusing to docket habeas corpus petitions and by imposing pre-filing barriers on an incarcerated person, thereby preventing any judicial review whatsoever.

¶8 Federal law prohibits clerks and courts from screening, conditioning, delaying, or refusing habeas corpus filings. See Ex parte Hull, 312 U.S. 546, 549 (1941); Smith v. Bennett, 365 U.S. 708, 712–13 (1961).

¶9 Where a State refuses to docket habeas petitions and thereby prevents any court from exercising review, the State suspends the writ in fact, regardless of label, rule, or administrative justification. Such obstruction constitutes a violation of the Suspension Clause, Article I, § 9 of the United States Constitution.

¶10 Because no state court opened a docket, assigned a case number, or exercised jurisdiction, this Court is not reviewing a state court decision. It is enforcing the minimum federal constitutional requirement that unlawful custody be subject to judicial review. Accordingly, abstention and comity doctrines do not apply because there is no state proceeding to defer to.

¶11 This Court's authority to issue immediate, interim, and protective relief is further supported by the All Writs Act, 28 U.S.C. § 1651(a), in aid of its habeas jurisdiction, where state action threatens to frustrate or nullify federal review. The All Writs Act does not create jurisdiction; it preserves this Court's existing jurisdiction from being defeated by ongoing state interference.

## III. PARTIES

¶12 Petitioner is Terica Christine Holmes, who is currently confined at the Southwest Multi-County Correctional Center, 66 Museum Drive, Dickinson, North Dakota, under color of state authority.

¶13 This Petition is brought by Next Friend Bobbi Jo Helgeson pursuant to Whitmore v. Arkansas, 495 U.S. 149 (1990), because Petitioner is incarcerated, has been obstructed from filing habeas corpus petitions on her own behalf, and is unable to sign or submit filings due to state-created barriers.

¶14 Respondent is Sheriff Corey Lee, the immediate physical custodian of Petitioner and the official responsible for Petitioner's confinement at the Southwest Multi-County Correctional Center. Rumsfeld v. Padilla, 542 U.S. 426 (2004).

## IV. FEDERAL CONSTITUTIONAL QUESTIONS PRESENTED

¶15 This Petition presents the following purely federal, non-discretionary constitutional questions, each of which independently determines the lawfulness of Petitioner's custody.

¶16 Fourth Amendment / Due Process

Does a state court ever acquire personal jurisdiction over an accused when no judicial probable-cause determination is made following arrest, as required by the Fourth and Fourteenth Amendments to the United States Constitution?

¶17 Sixth Amendment

Is a criminal judgment constitutionally valid when the accused is tried and sentenced after a total denial of the right to counsel, without a knowing, intelligent, and voluntary waiver placed on the record?

¶18 Structural Error Doctrine

May custody be upheld where the adversarial process collapsed entirely, or do such proceedings constitute structural constitutional error rendering the judgment void as a matter of federal law?

¶19 Suspension Clause — Article I, § 9

Does a State violate the Constitution when it refuses to docket habeas corpus petitions and thereby prevents any judicial review of confinement?

¶20 Void Judgment Doctrine

May the State continue to restrain liberty when all custody derives from a judgment that is constitutionally void ab initio and without lawful authority?

¶21 An affirmative answer to any one of these questions requires issuance of the writ of habeas corpus.

## V. STATEMENT OF UNDISPUTED FACTS

¶22 Petitioner was arrested and confined by the State of North Dakota and placed under custodial restraint by state authorities.

¶23 No judicial probable-cause determination was made within forty-eight hours of Petitioner's arrest, and no judicial probable-cause determination was made at any time thereafter.

¶24 Appointed counsel later withdrew from representation. No knowing, intelligent, and voluntary waiver of the right to counsel was obtained, yet the court nevertheless proceeded with pretrial proceedings, trial, and sentencing.

¶25 Petitioner attempted to file petitions for writ of habeas corpus in state district court, in the state supreme court on two occasions, and by Next Friend due to incarceration-created barriers.

¶26 No habeas filing was ever docketed. No case number was assigned. No judicial officer exercised review of the habeas petitions at any level.

¶27 The State subsequently added additional jail time onto Petitioner's existing confinement rather than initiating any separate, independent, or lawful basis for custody.

¶28 These facts are established by the official record and are not subject to dispute.

## VI. FEDERAL CONSTITUTIONAL ANALYSIS

A. Fourth Amendment Jurisdictional Failure

¶29 The Fourth Amendment to the United States Constitution requires a prompt judicial determination of probable cause as a prerequisite to continued custodial restraint following arrest.

¶30 In Gerstein v. Pugh, 420 U.S. 103 (1975), and County of Riverside v. McLaughlin, 500 U.S. 44 (1991), the Supreme Court held that a neutral judicial probable-cause determination must occur within forty-eight hours of arrest, absent extraordinary circumstances.

¶31 Where no judicial probable-cause determination occurs within that period, or at any time thereafter, the State fails to acquire personal jurisdiction over the accused. Proceedings conducted in the absence of personal jurisdiction are constitutional nullities.

¶32 Because no judicial probable-cause determination was ever made in this case, the State never acquired lawful authority to prosecute or restrain Petitioner, and all subsequent proceedings are void.

B. Sixth Amendment Total Denial of Counsel

¶33 The Sixth Amendment guarantees the assistance of counsel at all critical stages of a criminal prosecution, including pretrial proceedings, trial, and sentencing.

¶34 A total denial of the right to counsel is structural error and is not subject to harmless-error analysis. See Gideon v. Wainwright, 372 U.S. 335 (1963); United States v. Cronic, 466 U.S. 648 (1984).

¶35 Sentencing is a critical stage at which counsel is constitutionally required. Mempa v. Rhay, 389 U.S. 128 (1967).

¶36 A waiver of the right to counsel must be knowing, intelligent, and voluntary, and may not be presumed from a silent or incomplete record. Johnson v. Zerbst, 304 U.S. 458 (1938); Carnley v. Cochran, 369 U.S. 506 (1962).

¶37 Where counsel withdraws and no valid waiver is obtained, proceedings conducted thereafter are constitutionally invalid. Because Petitioner was subjected to pretrial proceedings, trial, and sentencing without counsel and without a valid waiver, the resulting judgment is void as a matter of federal constitutional law.

C. Suspension of Habeas Corpus

¶38 The Suspension Clause of the United States Constitution protects the writ of habeas corpus against procedural obstruction by state actors.

¶39 In Ex parte Hull, 312 U.S. 546 (1941), and Smith v. Bennett, 365 U.S. 708 (1961), the Supreme Court held that state officials may not screen, condition, delay, or refuse habeas corpus filings.

¶40 When a State refuses to docket habeas corpus petitions and thereby prevents any court from exercising judicial review, the State suspends the writ in fact, regardless of label, rule, or administrative justification.

¶41 Such obstruction violates Article I, § 9 of the United States Constitution and renders continued custody constitutionally impermissible.

D. Custody Under a Void Judgment

¶42 A judgment entered without jurisdiction or in violation of structural constitutional guarantees cannot support custodial restraint for any duration. See Ex parte Siebold, 100 U.S. 371 (1879).

¶43 Where a State appends additional incarceration to an existing sentence rather than initiating a separate and lawful basis for custody, all confinement stands or falls with the validity of the original judgment.

¶44 Because the original judgment in this case is void, all custody derived from it is unconstitutional and without lawful authority.

## VII. RELIEF REQUIRED BY FEDERAL LAW

¶45 Because Petitioner is restrained in violation of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and because the State suspended habeas corpus in fact in violation of Article I, § 9, federal law mandates relief.

¶46 Where personal jurisdiction never attached, where structural constitutional error occurred, or where the writ of habeas corpus was obstructed in fact, a federal court has no discretion to permit continued custody.

¶47 Petitioner therefore requests that this Court grant the following relief:

1. Issue the writ of habeas corpus;

2. Declare the state judgment constitutionally void and without lawful effect;

3. Order Petitioner's immediate release from custody; or, in the alternative,

4. Order Respondent to show cause and to produce Petitioner forthwith for judicial review.

## VIII. VERIFICATION

¶48 I, Bobbi Jo Helgeson, declare under penalty of perjury that I am the Next Friend of Petitioner Terica Christine Holmes.

¶49 I further declare that Petitioner directs the relief sought in this Petition but is unable to sign or submit filings due to incarceration-created barriers that prevent her from meaningful access to the courts.

¶50 I declare that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Date: December 15, 2025

_Bobbi Jo Helgeson_
Bobbi Jo Helgeson
Next Friend of Petitioner Terica Christine Holmes
297 Suncrest Avenue
Dickinson, North Dakota 58601